FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 26 2019

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

RICK WARREN
COURT CLERK

42

| | |
|---|---|
| NEWVIEW OKLAHOMA, INC. <br><br> Plaintiff, <br><br> v. <br><br> BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | CJ-2019-2351 <br> Case No: <br><br><br> **JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW, the Plaintiff, NewView Oklahoma, Inc., and for its causes of action against the Defendant, Berkshire Hathaway Specialty Insurance Company, alleges and states as follows:

1.      Plaintiff, NewView Oklahoma, Inc., is a corporation organized under the laws of the State of Oklahoma with its principle place of business in Oklahoma City, Oklahoma County, Oklahoma.

2.      Defendant, Berkshire Hathaway Specialty Insurance Company (hereinafter "Berkshire Hathaway") is a foreign corporation, incorporated and domiciled in a state other than Oklahoma and maintains its principal place of business in Boston, Massachusetts.  Berkshire Hathaway is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, identified as Glen Mulready, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

3.      Plaintiff owns the involved commercial building, located in Oklahoma City, at 501 North Douglas Avenue, Oklahoma City, OK, and was insured by Berkshire

EXHIBIT 5

Hathaway, Policy No. 47-SPK-148097-02, effective October 1, 2016 to October 1, 2017. The subject policy was in full force and effect at all times pertinent hereto.

4.      This insured commercial building was damaged and suffered a covered loss during this policy period.

5.      Plaintiff gave proper and timely notice of this claim, cooperated in the claim, and otherwise complied with all conditions precedent for recovery under the subject insurance policy.

6.      Defendant denied Plaintiff's claim.

7.      In its handling of Plaintiff's claims, Defendant breached the insurance contract and breached the implied covenant of good faith and fair dealing in the insurance contract, as a matter of routine business practice in handling such claims, in the following respects:

a.      failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits;

b.      failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c.      withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d.      refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.      refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.      refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.      failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

2

h.     not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.     utilizing pre-determined positions to support denial rather than searching out objective information and evidence to evaluate the claim;

j.     forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

k.     failing to properly evaluate any investigation that was performed;

l.     attempting to shift to their insured the duties to fully investigate, properly evaluate, and promptly pay policy benefits;

m.     refusing to honor the full replacement cost coverage that it knows was promised to its insured; and,

n.     unreasonably delaying payment in order to force a lowball settlement of the claim;

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

8.     As a result of Defendant's delays and refusal to honor the policy, Plaintiff has been damaged in loss of the policy benefits, time and expense in connection with Defendant's actions, loss of use of the building, interest and other consequential damages.

9.     Defendant's actions have been intentional and unjustifiable or in reckless disregard and Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff, NewView Oklahoma, Inc., demands judgment against Defendant, Berkshire Hathaway Specialty Insurance Company, in an amount in excess of the jurisdictional amount in 28 U.S.C.A. §1332, plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

**MANSELL ENGEL & COLE**

By: _____

Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail:  mec@meclaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

4